UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Francisco Rodas, Individually
and on behalf of others similarly situated,

                 Plaintiffs,

   -against-

PARK IT MANAGEMENT CORP.,
211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" SPINDLER aka
FRED "FREDDY" WHITE, ROY SHOMBER
aka ROY BERNARD, and MITCHELL GERBER,

                 Defendants.
------------------------------------------------------------X

Index No: 07 Civ. 7313

CLASS ACTION COMPLAINT
AND JURY DEMAND



RECEIVED AUG 15 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorneys Michael Shen and Associates, P.C., complain of Defendants and allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Francisco Rodas brings this action for wage violations and race, color, national origin, ethnicity, and citizenship discrimination. Plaintiff alleges that defendants violated the Fair Labor Standards Act §§7, 29 U.S.C. §207, and the New York Labor Law §§190, *et seq*. and §650, *et seq.* by employing them without paying them overtime premium compensation for all hours worked in excess of forty per workweek, nor spread-of-hours compensation of an extra hour's pay in each day worked over ten, and by making improper deductions from their pay. Plaintiff further alleges that defendants terminated him and otherwise treated him unfairly because of race, color, national origin, ethnicity, and citizenship discrimination in violation of 42 U.S.C. Section 1981, the New York State Human Rights Law §290 et. seq.,

and New York City Human Rights Law 8-107 of the Administrative Code.

## JURISDICTIONAL STATEMENT

2. This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331, 1343, the Fair Labor Standards Act Section 16 ("the FLSA" or "the Act"), as amended, 29 U.S.C. § 216(b), and 1367.

3. Plaintiff invokes the supplemental jurisdiction of this court to consider claims arising under state law.

4. Venue lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

## PARTIES

5. Plaintiff Francisco Rodas is a resident of New York, and for all relevant times was engaged in commerce, and was an employee of defendants.

6. Defendants PARK IT MANAGEMENT CORP., 211 GARAGE CORP., 301 PARK CORP., 221 THOMPSON STREET PARK CORP., and UNKNOWN CORPORATIONS "A-Z" (collectively "Park It") are all corporations incorporated and doing business under the laws of the State of New York, with a central place of business located at 250 West 26th Street, New York, New York, 10001 and other places of business located at, inter alia, 211 East 18th Street New York, New York, 10003, 301 East 64th Street, New York, New York, 10021 and 221 Thompson Street New York, New York. PARK IT MANAGEMENT CORP. owns and controls the other named and unknown corporations, which are garages at various locations, each of which has been incorporated.

7. During all relevant times, Park It was engaged in interstate commerce, had more than twenty employees, and averaged over $500,000 per year in revenues.

8. Defendants FRED "FREDDY" SPINDLER aka FRED "FREDDY" WHITE, FRED

"FREDDY" SPINDLER aka ROY BERNARD, and MITCHELL GERBER, are the owners or sole or partial shareholders of the Corporate Defendants, and/or the directors of the Corporate Defendants, and/or officers of the Corporate Defendants.

9. Defendants SPINDLER, SHOMBER and GERBER, at all relevant times, exercised complete control over all the Corporate Defendants, and were responsible for and had authority to make, and did make, all personnel decisions, including hiring and firing and/or devise and implement employment policies by or on behalf of the Corporate Defendants.

10. Defendants conduct business as a partnership and/or joint venture and/or as joint employers of Plaintiff, and as a result, all of Defendants, individually and collectively, jointly and severally, are liable for the claims made herein.

## FACTS

11. Plaintiff Francisco Rodas, worked as parking attendant for Defendants from on or about August 1996 through July 29, 2007.

12. Mr. Rodas's work performance was excellent.

13. Defendants own and operated parking garages in Manhattan.

14. From on or about August 1996 to around August 1998, Mr. Rodas worked at their Hudson Street Parking Garage, located at 175 Hudson Street in New York City.

15. During this period, thinking that he was not a documented immigrant, defendants paid him off the books.

16. Mr. Rodas worked for Defendants at the hourly rate of $6.00 until 2004, and thereafter he was paid in increments of fifty cents per hour, until he was paid at the rate of $8.00 in 2006.

17. Mr. Rodas worked on average 70 hours per week, but for most of the 30 hours of overtime per week that he worked, he was not paid the statutory overtime rate.

18. Defendants paid plaintiff off the books at straight time rates for most of the overtime hours that he worked.

19. In addition, Defendants failed to pay Plaintiff's spread-of-hours compensation of an extra hour's pay in each day worked over ten hours.

20. Throughout their employment, Plaintiff was also forced to pay for the repair of alleged damage done to vehicles in Defendants' various parking lots and garages during his work and while in the scope of his employment.

21. In order to pay for such repairs, Defendants would force Plaintiff, and other employees of Defendants, to make cash payments, which was deducted from their wages.

22. Throughout their employment, Defendants also forced attendants to pay for rental car service required for client's whose cars had suffered accident in the garage.

23. Defendants illegally withheld these payments, despite the fact that, upon information and belief, the cost of repairing such damage to vehicles was covered under Defendants' insurance plan(s).

24. Knowing that the law prohibited these illegal deductions, Defendants fraudulently and deceitfully charged Plaintiff and other parking attendants the cost of repair of the damage.

25. Defendants own and/or control and operate approximately 40 separate garages located throughout the borough of Manhattan.

26. The number of attendants in each garage range from 3 to 6, and approximately 160 parking attendants work at these separate sites, and are employees of defendants, and far more than one hundred persons have been employed by defendants at these garages during the relevant period.

27. Defendants treated the other parking attendants in the same way that they treated Mr. Rodas

as stated above.

28. Defendants knew that their actions stated herein were violations of state and federal law, and wilfully committed these violations.

## DISCRIMINATION

29. Defendants hired almost exclusively Hispanic workers, almost all of whom were from Ecuador, and were not documented .

30. Defendants so hired because they considered these workers more vulnerable, less able to defend themselves and less able to assert their rights, than Caucasian American citizens.

31. Defendants discriminated against these Hispanic, particularly the non-citizen Hispanic employees by paying them less than their Caucasian counterparts, denying them overtime pay and spread of hours pay, and by making the illegal deductions from their pay.

32. Mr. Rodas was treated in a discriminatory manner, which was part of a pattern and practice of discrimination caused by and practiced by defendants at all the garages.

33. Caucasian employees, including Rick Strange, were paid substantially more than Mr. Rodas and other Hispanic workers.

34. Mr. Strange, one of Defendants' few white employees, received overtime pay for his work, while Mr. Rodas and other Hispanics received little to no overtime pay for services rendered.

35. Defendants never made employee Rick Strange, the only white employee of the garage, pay for accident-repairs or rental car services.

36. Only Hispanic workers were made to pay for such repairs.

37. Mr. Rodas was constantly threatened with termination.

38. Defendants repeatedly told Mr. Rodas things like "we are going to fire you," " we'll get rid

of you," "you're out of here," when Mr. Rodas would defend himself about his right to overtime pay and salary increase.

39. On July 29th, 2007, Mr. Rodas was fired in retaliation for his complaints that Hispanic employees were not being paid statutory minimum wages nor proper overtime pay, and were otherwise discriminated against.

40. Defendants' discriminatory and retaliatory acts were intentional.

### FIRST CAUSE OF ACTION:
### COLLECTIVE CLAIMS OF VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff repeats all allegations previously set forth.

42. Defendants' violations of the FLSA were willful.

43. As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the overtime pay practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by Defendants to Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION:
### CLASS CLAIM ON BEHALF OF THE NAMED PLAINTIFF
### AND ALL OTHERS SIMILARLY SITUATED FOR
### VIOLATIONS OF NEW YORK LABOR LAW ARTICLES 6 AND 19

44. Plaintiff repeats all allegations previously set forth.

45. Pursuant to Rule 23(b)(2)(3) of the FRCP, this claim for relief is brought on behalf of the named Plaintiff and on behalf of each and all other similarly situated persons who were

denied overtime pay or the full and proper payment of their wages in violation of New York Labor Law Articles 6 and 19, §§ 191, 198, 650, *et seq.*

46. The above described class exceeds 100 persons, and is so numerous that joinder of all members is impracticable, and their identities are presently unknown.

47. Plaintiff has been denied overtime pay and/or the full and proper payment of wages, in violation of New York Labor Law Articles 6 and 19, §§ 191, 198, 650, *et seq.*, and the claims of the named Plaintiff are typical of the claims of the above described class, in that the interests of the named Plaintiff are co-extensive with the interests of the other members of the class, and there is a lack of adverse interests between the named plaintiff and the other members of the class.

48. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Were class members paid the full and proper wages? Were the class members paid overtime wages that complied with the requirements of New York State Law? Were spread of hours wages paid? Were pay deductions proper?

49. The named Plaintiff will fairly and adequately protect the interests of said class.

50. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under New York Labor Law Articles 6 and 19, §§ 191, 198, 650 et.seq.

51. Defendants violated New York Labor Law Articles 6 and 19, §§191, 198, 650, *et seq.*, and the Wage Orders issued thereunder, by failing to pay Plaintiff's overtime and spread of hours wages required under New York State Law, and by illegally making wage deductions.

52. Defendants' violations of New York Labor Law Articles 6 and 19, §§ 191, 198, 650 et seq., were willful.

53. As a result of the foregoing, the named Plaintiff seeks judgment against Defendants on his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages and benefits owed by Defendants to Plaintiff, together with an award of costs, interest, and attorney's fees, as provided for under the New York State Labor Law.

54. Plaintiff does not seek liquidated or punitive damages for this claim under the New York State Labor Law.

### THIRD CAUSE OF ACTION: RETALIATION

55. The allegations state herein above are repeated here as if fully stated.

56. Defendants retaliated against plaintiffs for complaining about wage violations, in violation of the New York Labor § 215.

57. Plaintiffs have thereby been damaged in an amount as yet undetermined.

### FOURTH CAUSE OF ACTION: DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

58. Plaintiff repeats all allegations previously set forth.

59. Pursuant to Rule 23(b)(2)(3) of the FRCP, the above titled action is brought on behalf of the plaintiffs and on behalf of each and all other similarly situated past, present and future, non-Caucasians, including African Americans and Hispanics, who, because of their race, ethnicity, or color; have been denied compensation equal to that afforded Caucasian employees.

60. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers substantially exceed one hundred, and their identities are presently unknown.

61. The named plaintiffs have been discriminated against because of their race, ethnicity or color as described herein above.

62. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did defendant employer discriminate against minorities because of race, ethnicity or color? Were class members denied compensation equal to that afforded Caucasian employees?

63. Plaintiffs' claims are typical of the claims of the putative class members.

64. Plaintiffs are adequate representatives of the putative class.

65. By their actions, defendant employers and their agents intentionally retaliated against and discriminated against plaintiffs with respect to termination, denial of employment, hostile work environment, and other terms and conditions of employment, because of race, ethnicity, and color in violation of 42 U.S.C. §1981.

66. As a result of the foregoing, the named plaintiffs seek judgment against the defendants on their own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

### FIFTH CAUSE OF ACTION:
### DISCRIMINATION IN VIOLATION OF STATE HUMAN RIGHTS LAW

67. Plaintiff repeats all allegations previously set forth.

68. The allegations of the preceding paragraphs are repeated here as fully stated.

69. Pursuant to Rule 23(b)(2)(3) of the FRCP, the above titled action is brought on behalf of the plaintiffs and on behalf of each and all other similarly situated past, present and future, Hispanics, who, because of their race, ethnicity, national origin or color, have been denied compensation equal to those afforded Caucasian employees

70. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers exceed one hundred, and their identities are presently unknown.

71. The named plaintiffs have been discriminated against because of their race, ethnicity, national origin, or color as described herein above.

72. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did defendant employer discriminate against minorities because of race, ethnicity, national origin or color? Have class members been denied compensation equal to those afforded Caucasian employees?

73. Plaintiffs' claims are typical of the claims of the putative class members.

74. Plaintiffs are adequate representatives of the putative class.

75. By their actions, defendant employers and their agents intentionally retaliated against and discriminated against plaintiffs with respect to termination, denial of employment, hostile work environment, and other terms and conditions of employment, because of race, ethnicity, national origin and color in violation of the New York State Human Rights Law, Executive Law §290 et. seq.

76. The individual Defendants also aided and abetted the discrimination.

77. As a result of the foregoing, the named plaintiffs seek judgment against the defendants on their own behalf and on behalf of all those similarly situated, granting declaratory relief

finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, and monetary damages.

78. Plaintiffs do not seek liquidated or punitive damages for this claim under the NYSHRL.

## SIXTH CAUSE OF ACTION:
## DISCRIMINATION IN VIOLATION OF CITY HUMAN RIGHTS LAW

79. Plaintiff repeats and re-allege all allegations previously set forth.

80. Defendants thereby violated the New York City Human Rights Law 8-107 of the Administrative Code.

81. Pursuant to Rule 23(b)(2)(3) of the FRCP, the above titled action is brought on behalf of the plaintiffs and on behalf of each and all other similarly situated past, present and future, Hispanics, who, because of their race, ethnicity, national origin or color, have been denied compensation equal to those afforded Caucasian employees.

82. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that their numbers in all likelihood substantially exceed one hundred, and their identities are presently unknown.

83. The named plaintiffs have been discriminated against because of their race, ethnicity, national origin or color as described herein above.

84. There are questions of law and fact common to the class which predominate over any questions affecting only individual members: Did defendant employer discriminate against minorities because of race, ethnicity, national origin or color? Have class members been denied compensation equal to those afforded Caucasian employees?

85. Plaintiffs' claims are typical of the claims of the putative class members.

86. Plaintiffs are adequate representatives of the putative class.

87. The defendants intentionally discriminated against plaintiffs because of their race, color, national origin, or ethnicity in violation of New York City Human Rights Law, §8-107 of the Administrative Code.

88. The individual Defendants also aided and abetted the discrimination.

89. Plaintiffs have thereby been damaged with respect to lost wages and benefits and pain and suffering in an amount as yet undetermined.

90. Plaintiffs do not seek liquidated or punitive damages for this claim under the NYCHRL.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

A. Relief sought for each Cause of Action;

B. Interest, costs, disbursements and attorneys' fees;

C. Such other and further relief as this court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
August 14, 2007

MICHAEL SHEN AND ASSOCIATES, P.C.

By: _____
Michael Shen (MS: 5714)
Attorneys for Plaintiff
225 Broadway - Suite 2515
New York, New York 10007
212-227-0300