```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    05 Civ. 2272 (GBD)
JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly situated,

                        Plaintiffs,
                                                                 DECLARATION
        -against-

211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" WHITE, and
ROY BERNARD,
                        Defendants.
------------------------------------------------------------X


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Francisco Rodas, Individually
and on behalf of others similarly situated,                     07 Civ. 7313 (GBD)

                        Plaintiff,

        -against-

PARK IT MANAGEMENT CORP.,
 211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" SPINDLER aka
FRED "FREDDY" WHITE, ROY SHOMBER
aka ROY BERNARD, and MITCHELL GERBER,

                        Defendants.
------------------------------------------------------------X
```

Michael Shen, under penalty of perjury, hereby declares as follows:

1. I am an attorney admitted to practice before the Courts of the State of New York and the United States District Court of the Southern District of New York, and submit this declaration in support of plaintiffs' motion for class certification and to circulate a notice of pendency.

1

2.  The facts of this case are stated in the Statement of Facts in plaintiffs' accompanying Memorandum of Law, and in the exhibits appended hereto.

3.  Jhony Santiago Cabrera and Francisco Rodas have brought claims in two separate but almost identical suits against Park It Management Corp., 211 Garage Corp., 301 Park Corp., 221 Thompson Street Park Corp., Unknown Corporations "A-Z", and individual owners and managers of the named corporations[1] (sometimes collectively referred to as Park It or defendants), for wage violations, including denial of overtime premium compensation for all hours worked in excess of forty per workweek, spread-of-hours compensation of an extra hour's pay in each day worked over ten, and for making improper deductions from his pay, in violation of the Fair Labor Standards Act §§7, 29 U.S.C. §207, and the New York Labor Law §§190, *et seq.* and §650, *et seq.*

4.  Cabrera v. 212 Garage Corp., 05 Civ. 02272 was commenced by plaintiff Jhony Santiago Cabrera on February 18, 2005.

5.  Rodas v. Park It Management Corp., 07 Civ. 7313 was commenced by plaintiff Francisco Rodas on August 15, 2007.

6.  Both plaintiffs have filed a Consent with the Court to be an FLSA plaintiff. (Exh. A, Consents)

7.  In Cabrera v. 211 Garage Corp., discovery on issues pertaining only to class certification was scheduled to conclude by October 13, 2006; discovery has not yet commenced in Rodas v. Park It Management Corp.

8.  The cases were consolidated per order dated so ordered on November 5, 2007.

9.  Defendants admit to having no time records for its attendants, nor any written policies about overtime pay. (Exh. C, Plaintiff's Request for Documents and Def. Responses to Plaintiff's

---

[1] Cabrera v. 212 Garage Corp., 05 Civ. 02272 and Rodas v. Park It Management Corp., 07 Civ. 7313.

      Request for Documents, Request #'s 35, 40-50), and have produced no time records nor records showing any relationship between pay and the number of hours worked.

10.    During the period 2003 through 2005, the period for which defendants provided wage documentation, there were approximately 213 garage attendants who worked for Defendants garages, and at any particular time, there were approximately 80-120 garage attendants working in Defendants garages at any one time. (Cabrera Decl.4). Extrapolating from the 2003-2005 period for which defendants provided data, during the class period, seven years, from February 19, 1999 to present, over 340 garage attendants have worked for defendants. (Exh D, Shukla Declaration 8)

11.    Appended are the following lettered Exhibits:

    A. Plaintiffs' Consents

    B. Plaintiffs' Declarations

    C. Plaintiffs' Request for Documents and Def. Responses to Plaintiffs' Request for Documents, Request #'s 35, 40-50

    D. Shukla Declaration

    E. Notice of Pendency and Consent to Join

    F. Shen Resume

I, Michael Shen, declare under penalty of perjury that the foregoing is true and correct:

Dated: New York, New York
       November 5, 2007

                               MICHAEL SHEN & ASSOCIATES, P.C.

                               By: _____
                                   MICHAEL SHEN - 5714
                                   Attorneys for Plaintiff
                                   225 Broadway - Suite 2515
                                   New York, New York  10007
                                   212-227-0300