UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly situated,

                     Plaintiffs,

      -against-

211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" WHITE, and
ROY BERNARD,
                     Defendants.
-----------------------------------------------------------X

05 Civ. 2272 (GBD)

DECLARATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Francisco Rodas, Individually
and on behalf of others similarly situated,

                     Plaintiff,

      -against-

PARK IT MANAGEMENT CORP.,
211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" SPINDLER aka
FRED "FREDDY" WHITE, ROY SHOMBER
aka ROY BERNARD, and MITCHELL GERBER,

                     Defendants.
-----------------------------------------------------------X

07 Civ. 7313 (GBD)

      I, <u>Francisco Rodas</u>, declare under penalty of perjury:

1. I am the plaintiff in the case of Rodas v. Park It Management Corp., index no 07-7313. I am making this declaration in support of plaintiff's motion for class certification.

2. I worked as a garage attendant from August 1996 through June 29, 2007.

3. Park It Management Corp. owns and operates between 40 and 60 garages throughout Manhattan.

4. At any time, there were about 4-6 garage attendants working for Park It Management Corp.., at each of the garages and around 80 to 120 garage attendants working for all defendants' garages.

5. I and the other garage attendants of Park It Management Corp. were all non-management employees who parked and retrieved cars for customers.

6. I and other garage attendants were highly qualified and our performance and qualifications were excellent.

7. I and other garage attendants worked for over 40 hours per week, every week, but were not paid at the legally required overtime rate most of the overtime hours we worked. I know this based on conversations with other garage attendants.

8. I and other garage attendants were often simply denied any pay for hours they we worked greater than 40 in a week.

9. In fact, it was the explicit and stated policy of defendants not to pay for most hours worked over 40 per week.

10. Sometimes, I and other garage attendants were paid at the straight time rate for a portion of the overtime hours worked.

11. Sometimes, I and other garage attendants were paid at the proper overtime rate paid for some, but not all, of the overtime hours worked.

12. Much of compensation for work over 40 hours per week was paid in cash off the books

13. I and the other garage attendants were paid hourly wages, from $6.00 to $6.50.

14. Park It Management Corp. did not maintain proper records of the hours garage attendants worked.

15. Every week I and other attendants were issued a new piece of paper to record our hours, not official time cards, to "punch in" and "punch out" of work. The manager would collected these pieces of paper each week and kept them in an unknown location.

16. I and other garage attendants worked over 10 hours per day at least three days a week but were not paid the spread-of-hours premium. I know this based on conversations with other garage attendants.

17. I and other garage attendants were forced to pay for the repair for the alleged damage done to vehicles in various Park It Management Corp. parking lots.

18. In order to make such payments, defendants would force me and other garage attendants to make cash payments which were deducted from our wages.

19. Defendants also forced me and other attendants to pay for rental car service required for client's whose cars had suffered accident in the garage. Defendants illegally withheld these payments, despite the fact that, upon information and belief, the cost of repairing such damage to vehicles was covered by Defendants' insurance

20. I and other garage attendants did not consent to such deductions.

21. I worked at three separate garages for Park It Management Corp. At all three garages, defendants did not pay for overtime or spread-of-hour wages at the legally required rate and made improper deductions.

22. I spoke with other attendants who also worked at multiple garages about how defendants did not pay for overtime or spread-of-hour wages at the legally required rate and made improper deductions.

23. In fact, it was the explicit policy of defendants not to pay for overtime or spread-of-hour wages at the legally required rate, and to make improper deductions.

I, __Francisco Rodas__, declare under penalty of perjury that the foregoing is true and correct:

Executed on: New York, New York
Date: October 22, 2007

Signed: _Francisco Rodas_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JHONY SANTIAGO CABRERA, Individually
and on behalf of others similarly situated,

                            Plaintiffs,

               -against-

211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" WHITE, and
ROY BERNARD,
                            Defendants.
------------------------------------------------------------X

05 Civ. 2272 (GBD)

DECLARATION


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Francisco Rodas, Individually
and on behalf of others similarly situated,

                            Plaintiff,

              -against-

PARK IT MANAGEMENT CORP.,
211 GARAGE CORP., 301 PARK CORP.,
221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A-Z"
FRED "FREDDY" SPINDLER aka
FRED "FREDDY" WHITE, ROY SHOMBER
aka ROY BERNARD, and MITCHELL GERBER,

                            Defendants.
------------------------------------------------------------X

07 Civ. 7313 (GBD)

    I, <u>Jhony Santaigo Cabrera</u>, declare under penalty of perjury:

1. I am the plaintiff in the case of Cabrera v. 211 Garage Corp., index number 05 Civ. 2272. I am making this declaration in support of plaintiffs' motion for class certification.

1

2. I worked as a garage attendant from April 3, 1995 through February 28, 2002.

3. Park It Management Corp. owns and operates between 40 and 60 garages throughout Manhattan.

4. At any time, there were about 4-6 garage attendants working for Park It Management Corp.., at each of the garages and around 80 to 120 garage attendants working for all defendants' garages.

5. I and the other garage attendants of Park It Management Corp. were all non-management employees who parked and retrieved cars for customers.

6. I and other garage attendants were highly qualified and our performance and qualifications were excellent.

7. I and other garage attendants worked for over 40 hours per week, every week, but were not paid at the legally required overtime rate most of the overtime hours we worked. I know this based on conversations with other garage attendants.

8. I and other garage attendants were often simply denied any pay for hours they we worked greater than 40 in a week.

9. In fact, it was the explicit and stated policy of defendants not to pay for most hours worked over 40 per week.

10. Sometimes, I and other garage attendants were paid at the straight time rate for a portion of the overtime hours worked.

11. Sometimes, I and other garage attendants were paid at the proper overtime rate paid for some, but not all, of the overtime hours worked.

12. Much of compensation for work over 40 hours per week was paid in cash off the books

13. I and the other garage attendants were paid hourly wages, from $6.00 to $6.50.

14. Park It Management Corp. did not maintain proper records of the hours garage attendants worked.

15. Every week I and other attendants were issued a new piece of paper to record our hours, not official time cards, to "punch in" and "punch out" of work. The manager would collected these pieces of paper each week and kept them in an unknown location.

16. I and other garage attendants worked over 10 hours per day at least three days a week but were not paid the spread-of-hours premium. I know this based on conversations with other garage attendants.

17. I and other garage attendants were forced to pay for the repair for the alleged damage done to vehicles in various Park It Management Corp. parking lots.

18. In order to make such payments, defendants would force me and other garage attendants to make cash payments which were deducted from our wages.

19. Defendants also forced me and other attendants to pay for rental car service required for client's whose cars had suffered accident in the garage. Defendants illegally withheld these payments, despite the fact that, upon information and belief, the cost of repairing such damage to vehicles was covered by Defendants' insurance

20. I and other garage attendants did not consent to such deductions.

21. I worked at three separate garages for Park It Management Corp. At all three garages, defendants did not pay for overtime or spread-of-hour wages at the legally required rate and made improper deductions.

22. I spoke with other attendants who also worked at multiple garages about how defendants did not pay for overtime or spread-of-hour wages at the legally required rate and made improper deductions.

23. In fact, it was the explicit policy of defendants not to pay for overtime or spread-of-hour wages at the legally required rate, and to make improper deductions.

I, __Jhony Santiago Cabrera__, declare under penalty of perjury that the foregoing is true and correct:

3

Executed on: New York, New York
Date: October 17, 2007

Signed: _____

4