MICHAEL SHEN
225 BROADWAY - SUITE 2515
NEW YORK, NEW YORK 1007
212-227-0300

BAR ADMISSIONS: New York and New Jersey state courts; District Courts of the District of New Jersey and the Southern, Eastern and Northern Districts of New York; U.S Courts of Appeals, Second and Third Circuits; U.S. Supreme Court.

EMPLOYMENT: Michael & Shen and Associates, P.C., 12/02 to present. Employment, discrimination and civil rights law.

Shneyer and Shen, P.C., 2/83 to 12/02.

Committee of Interns and Residents. 2/82 to 2/83.

Bedford Stuyvesant Community Legal Services. 8/79 to 2/81.

EDUCATION: School of Law-Newark, Rutgers University. J.D. 1979. J. Skelly Wright Civil Rights Award.

University of Pennsylvania. M.A., Psychology, 1970.

University of Chicago. B.A., 1969, Psychology.

AFFILIATIONS: Anti-Discrimination Center of Metro New York, Inc., President, Board of Directors; National Employment Law Project, Board of Directors, past President; Asian American Legal Defense and Education Fund, past Board of Directors, past President; New York Civil Liberties Union, past Board of Directors; National Asian Pacific American Legal Consortium, past Board of Directors; Chinese Staff and Workers Association, contributing attorney; New York County Lawyers' Association; New York State Bar Association; American Trial Lawyers Association; National Lawyers Guild; National Employees Lawyers Association; Who's Who In America; Who's Who In American Law.

Michael Shen: Selected Relevant Litigation

<u>Hallissey v. America Online Inc.</u>, 99 Civ. 3785 (GBD), SDNY; MDL - 1443 - In re America Online, Inc., Community Leaders Litigation (co-counsel); 2006 U.S. Dist. LEXIS 12964 (S.D.N.Y. 2006)

> Plaintiffs claim that they are part of a nation wide class of persons similarly situated under the Fair Labor Standards Act, who performed services for defendants' profit making America Online ("AOL") internet service, but were designated as "volunteers" by AOL, and not paid for their services. Pendant state wage claims are also asserted.

<u>Smellie v. Mount Sinai Hospital</u>, 03 CIV. 0805 (JSM), SDNY; 2004 U.S. Dist. LEXIS 24006 (S.D.N.Y. 2004)

> Plaintiffs claim that they are part of a class of companions who were labeled independent contractors, and thereby denied overtime pay in violation of the FLSA and state labor law.

<u>Davis v. Lenox Hill Hospital</u>, 03 Civ. 3746(DC); 2004 U.S. Dist. LEXIS 17283 (S.D.N.Y. 2004); 2004 U.S. Dist. LEXIS 17284 (S.D.N.Y. 2004)

> Plaintiff brought a class action on behalf of nurses similarly situated under 29 U.S.C. §§ 216(b), the Fair Labor Standards Act (the "FLSA"), who were denied overtime pay. Pendant class state claims include denial of overtime pay and spread of hours premium pay.

<u>Levinson v. Primedia, Inc.</u>, 02 Civ 2222 (DAB); 2007 U.S. Dist. LEXIS 58518 (S.D.N.Y. 2007)(co-counsel)

> Plaintiffs claim that they are part of a nation wide class of persons similarly situated under the FLSA, who performed services for defendants' profit making internet service, but were designated as independent contractors by Primedia and not paid for their services. Pendant class state claims include denial of overtime pay and minimum wages, breach of contract, tortious interference with contractual relations, and unjust enrichment.

<u>Coke v. Long Island Care At Home, Inc.</u>, 02 Civ. 2010 (TCP); 462 F.3d 48 (2d Cir. 2006)(co-counsel)

> Plaintiff claimed that she was part of a class of home healthcare attendants who claimed minimum wages and overtime pay, and was not precluded by the "companionship" exemption, set forth at 29 U.S.C. § 213(15). Pendant state wage claims are also asserted. The Supreme Court found that the companionship exemption applied.

Legrand v. Educational Management Corp., 03 Cv. 9798; 2004 U.S. Dist. LEXIS 17696 (S.D.N.Y. 2004)

    Plaintiffs brought a class action against an arts and culinary school in New York and across the nation, on behalf of similarly situated admissions officers under 29 U.S.C. §§ 216(b), the Fair Labor Standards Act (the "FLSA"), and the New York State Labor Law, for denial of statutory time and a half payment for their services over 40 hours per week.

Legrand v. N.Y. Rest. School/Education Mgmt. Corp., 02 Civ. 2249 (PKC)(KNF); 2004 U.S. Dist. LEXIS 12893 (S.D.N.Y. 2004); 2005 U.S. Dist. LEXIS 12080 (S.D.N.Y. 2005)

    Plaintiffs brought employment discrimination action against defendant, alleging violations of 42 U.S.C.S. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq.

Khan v. Henry Limousine, LTD, 111367/00, New York State Supreme Court.
    Limousine drivers claimed denial of overtime pay, minimum wages and gratuity pay. A class and settlement were preliminarily certified. Dissatisfied plaintiffs retained our firm, and after objections were placed before the court, the class certification and settlement were denied.

Bethune, et al. v. Norrell Corporation, 90 Civ. 1512 (KC), SDNY
    A class action brought by African American and Hispanic job applicants against an employment agency for steering applicants based on race.

Smith v. AVSC Int'l, Inc., 00 Civ. 9832 (RWS), 148 F. Supp. 2d 302; 2001 U.S. Dist. LEXIS 8646 (S.D.N.Y. 2001)
    Claims for sex and age discrimination, harassment, and retaliation, pursuant to Title VII, the Age Discrimination in Employment Act, the New York State and City Human Rights Laws, and breach of implied contract.

Anjelino v. New York Times Co., No. 98-6024, 200 F.3d 73; 1999 U.S. App. LEXIS 31523; (3rd Cir. 1999) (lead counsel)
    26 plaintiffs sued for discrimination based on sex and retaliation, in violation of Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000(e) et. seq. and the New Jersey Civil Rights Act, Section 10:5; for violation of the Bill of Rights of union members, Title I of the LMRDA, 29 U.S.C. §§ 411 et seq. and for breach of the Collective Bargaining Agreement between the New York Times Company and the New York Mailers Union No. 6, and breach of the Union's duty of fair representation, in violation of Section 301 (a) of the Labor Management Relations Act, 29 U.S.C. Section 185(a).

Acosta v. Yale Club, 1135N, 261 A.D.2d 261; 690 N.Y.S.2d 544; 1999 N.Y. App. Div. LEXIS 5471, (App.Div.1st. Dept. 1999)

> Waiters sued for discrimination on the basis of race, color, national origin and ethnicity in violation of the New York State Human Rights Law, Executive Law §§290 et. seq., and the New York City Human Rights Law, §§8-107 of the Administrative Code; for fraudulent withholding of tips, denial of regular wages, refusal to pay overtime at the proper rate, and retaliation against plaintiffs for complaining about these wage violations, in violation of the New York State Labor Law §§190 et. seq., and §§215; and for endangering the health and safety of plaintiffs by failing to properly remove asbestos from the work premises.

Failla v. City of Passaic, Nos. 96-5538, 96-5539 and 96-5835, 146 F.3d 149; 1998 U.S. App. LEXIS 10890 (3rd Cir. 1998) (co-counsel)

> Captain of Passaic Police Department sued for violation of his Federal Constitutional and civil rights pursuant to 42 U.S.C. Section 1983 and for violation of plaintiff's rights under the Americans with Disabilities Act.

Rosasa v. Hudson River Club Restaurant, 96 Civ. 0993 (DLD), United States District Court for the Southern District of New York, 1998 U.S. Dist. LEXIS 2665, March 6, 1998, Decided, March 9, 1998, Filed (co-counsel)

> Claims for race, national origin and ethnicity discrimination and retaliation, and disability discrimination, pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§2000 et. seq.), 42 U.S.C. §§1981, the Americans with Disabilities Act of 1990, and the New York State and City Human Rights Laws; and for failure to pay wages and overtime pay, and for retaliation, in violation of the FLSA and the New York State Labor Law.

Richards v. Sears, Roebuck & Co., Index No. 14344/98, Supreme Court of the State of New York, County of Bronx (co-counsel)

> Teen age African American girls alleging that they were discriminatorily profiled and falsely arrested while in store, because of their race, age and sex, and brought claims pursuant to the New York State and City Human Rights Laws, as well as for assault, false arrest, negligent hiring, retention, training and supervision.

LACHICA v. CITY OF NEW YORK, 94 Civ. 7379 (LAK), United States District Court for the Southern District of New York, 1995 U.S. Dist. LEXIS 2121; 67 Fair Empl. Prac. Cas. (BNA) 377 (S.D.N.Y.1995)

> Claims for violations of due process and equal protection rights under the Fourteenth Amendment pursuant to 42 U.S.C. §§1983; violations of his rights to free speech and association under the First and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §§1983; for discrimination and harassment based on race and ethnicity and retaliation in violation of 42 U.S.C. §§1981 and the New York State and City Human Rights Laws; and for retaliation for whistle-blowing in violation of the New York State Civil Service Law §§75-b.

Bill Rosko Mercer v. Infinity Broadcasting Corp., 96 civ. 8669 (SHS), SDNY

Claims for retaliation and race discrimination pursuant to 42 U.S.C. §1981, the New York State and City Human Rights Laws, and for breach of contract.

<u>Horkan, et al. v. British Airways PLC</u>, Index No. 45999/96, Supreme Court of the State of New York, County of Kings (co-counsel)

Claims for retaliatory discharge for complaining about race and sex discrimination directed at fellow female employee pursuant to the New York State Human Rights Law, Executive Law §§290 et. seq., and the New York City Human Rights Law, §§8-107 of the Administrative Code; as well as for unpaid wages and retaliatory discharge, pursuant to New York State Labor Law §§190 et. seq., and §§215.

<u>Wong v. East River Chinese Restaurant,</u> 92 CV 6000(SJ), 884 F. Supp. 663; 1995 U.S. Dist. LEXIS 5211 (E.D.N.Y. 1995)

Waiters sued their restaurant for failure to pay minimum wages and overtime pay, improper deductions and retaliatory termination, in violation of the Fair Labor Standards Act, Section 6, 7 and 15, 29 U.S.C. Section 206, 207 and 215 and the New York State Labor Law Sections 190 et. seq., 215 and 650 et. seq.

<u>Soans v. Pai</u>, 94 Civ. 8635 (CSH)
Domestic immigrant worker claimed denial of overtime pay and minimum wages.

<u>Kam Shing Chan v. City of New York</u>, 90 Civ. 5653 (RJW), United States District Court for the Southern District of New York, 797 F. Supp. 1153; 1992 U.S. Dist. LEXIS 13386(S.D.N.Y.1992).

Claims for prevailing wages pursuant to 42 USC. Section 1983.