UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x       Index No.:
JHONY SANTIAGO CABRERA, Individually                                                     05 CIV. 2272 (GBD)
and on behalf of other similarly situated,

                                        Plaintiffs,

        -against-
                                                                                         **DECLARATION**

211 GARAGE CORP., 301 PARK CORP., 221 THOMPSON
STREET PARK CORP., PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z",
FRED "FREDDY" WHITE and ROY BERNARD

                                        Defendants.
--------------------------------------------------------------------------------x
FRANCISCO RODAS, Individually                                                            Index No.:
and on behalf of other similarly situated,                                               07 CIV. 7313 (GBD)

                                        Plaintiffs,

        -against-

PARK IT MANAGEMENT CORP., 211 GARAGE CORP.,
301 PARK CORP., 221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A"– Z", FRED "FREDDY"
SPINDLER a/k/a FRED "FREDDY" WHITE, ROY SHOMBER
a/k/a ROY BERNARD and MITCHELL GERBER,

                                        Defendants.
--------------------------------------------------------------------------------x

STATE OF NEW YORK        )
                         )ss:
COUNTY OF NEW YORK       )

        **GARY SPINDLER**, being duly sworn, declares and says:

        1.      I am an officer of defendants Park It Management Corp. ("Park It"), 211 Garage

Corp. ("211 Garage"), 301 Park Corp. ("301 Park") and 221 Thompson Street Park Corp. ("221

Thompson") (collectively "Defendants").    As such, I am fully familiar with the facts and

circumstances of this matter.

1969892-1

2.      I submit this declaration in opposition to plaintiffs Jhony Santiago Cabrera ("Cabrera") and Francisco Rodas' ("Rodas") (collectively "Plaintiffs") motion to circulate a notice of pendency and for class certification.  Plaintiffs' motion should be denied as premature as they have not shown, and are unable to show, that the employees of the proposed class are "similarly situated" or that they can meet the requirements of Federal Rule of Civil Procedure 23.

3.      At this time, I am unaware as to who defendant "Unknown Corporations 'A-Z'" are as not all of the Defendant's garages are owned by the same owners.

4.      In the event this Court is inclined to grant Plaintiffs' motion, I respectfully request that the action be limited to the three named garages -- 211 Garage, 301 Park, and 221 Thomas -- of Defendants since Plaintiffs have not shown, and will not be able to show, that any of the allegations extended to garages beyond those by which the Plaintiffs were employed.

5.      Defendant Park It is not a garage and is merely a payroll servicing company that handles payroll of the employees for Defendants' garages and other garages throughout Manhattan.

6.      Park It is a payroll servicing company for twenty (20) to twenty-two (22) garages throughout the borough of Manhattan.  At no point has Park It been a payroll service company for the forty (40) to sixty (60) garages as alleged by Plaintiffs in their declarations.

7.      As well, despite Plaintiffs' contention to the contrary, Defendants only employ up to one hundred ten (110) parking attendants in any given year.

8.      The number of attendants at each garage vary depending on the circumstances.  One garage can be run from as few as one attendant and the maximum of number of employees who will be there at any one time is approximately five parking attendants.

9.      According to Defendants' payroll records, all parking attendants were paid at the appropriate overtime rate throughout their employment with Defendants.

10.     The management of Defendants' garages varies and, similarly, any of the "Unknown Corporations" that Plaintiffs seek to add to this action are similarly owned by different owners.  In

1969892-1

particular, 211 Garage, located at 211 East 18th Street, is owned by defendant Fred Spindler and Roy

Schoenberg.  Mr. Spindler and Mr. Schoenberg also own 301 Park, which is located at 301 East 64th

Street.  In terms of management at the 221 Thompson location, that garage is owned by four different

shareholders, 75% of which is owned by myself, Mr. Spindler and Mr. Schoenberg.  As and for the

Hudson Garage that Rodas claims to have worked at, that garage is owned by approximately five to

six different shareholders.

11.    In addressing the damage claims by Plaintiffs that they were required to pay for car

damage and/or rental car services for accidents that occurred in the garage, I do not know of any

specific instances where such charges were assessed.  However, the maximum number of employees

this would have happened to at any given year is about two.  Thus, the circumstances do not extend

to the entire putative class as alleged by Plaintiffs.

12.    Based on the foregoing and the accompanying memorandum of law, I respectfully

request that Plaintiffs' motion be denied in its entirety.

GARY SPINDLER

Sworn to before the
28th day February 2008

NOTARY PUBLIC

ANN M. SWITUSZAK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SW6130715
Qualified in Queens County
My Commission Expires July 18, 2009

3

1969892-1