UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x     Index No.:

JHONY SANTIAGO CABRERA, Individually          05 CIV. 2272 (GBD)
and on behalf of other similarly situated,

                              Plaintiffs,

        -against-

211 GARAGE CORP., 301 PARK CORP., 221 THOMPSON
STREET PARK CORP., PARK IT MANAGEMENT CORP.,
UNKNOWN CORPORATIONS "A-Z",
FRED "FREDDY" WHITE and ROY BERNARD

                              Defendants.

-------------------------------------------------------------------------------x     Index No.:

FRANCISCO RODAS, Individually                 07 CIV. 7313 (GBD)
and on behalf of other similarly situated,

                              Plaintiffs,

        -against-

PARK IT MANAGEMENT CORP., 211 GARAGE CORP.,
301 PARK CORP., 221 THOMPSON STREET PARK CORP.,
UNKNOWN CORPORATIONS "A"– Z", FRED "FREDDY"
SPINDLER a/k/a FRED "FREDDY" WHITE, ROY SHOMBER
a/k/a ROY BERNARD and MITCHELL GERBER,

                              Defendants.

-------------------------------------------------------------------------------x


## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND TO CIRCULATE A NOTICE OF PENDENCY


                    CERTILMAN BALIN ADLER & HYMAN, LLP
                             Attorneys for Defendants
                                90 Merrick Avenue
                          East Meadow, New York  11554
                                 (516) 296-7000

Of Counsel:
        Douglas E. Rowe, Esq.
        Yale Pollack, Esq.

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTS ............................................................................................................................... 3

ARGUMENT ..................................................................................................................... 5

    POINT I ........................................................................................................................ 5

    MEMBERS OF THE PROPOSED CLASS ARE NOT
    "SIMILARLY SITUATED" REQUIRING DENIAL OF NAMED PLAINTIFFS'
    REQUEST TO CIRCULATE A NOTICE OF PENDENCY ................................................. 5

    POINT II ....................................................................................................................... 12

    MILES v. MERRILL LYNCH & CO., INC.
    REQUIRES DENIAL OF A CLASS ACTION ............................................................ 12

        A.   Named Plaintiffs Cannot Sustain Their Burden Under Fed. R Civ. P. Rule 23(a) ... 14

            1.   Numerosity ............................................................................................... 14

            2.   Commonality ............................................................................................ 16

            3.   Typicality ................................................................................................. 17

            4.   Adequacy of Representation ..................................................................... 18

            5.   Ascertainability ........................................................................................ 19

        B.   Named Plaintiffs Cannot Sustain Their Burden
           Under Fed. R. Civ. P. Rule 23(b)(3) ........................................................ 19

CONCLUSION ................................................................................................................ 21

1966966-1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245 (1997) .................. 15

Bakalar v. Vavra, 237 F.R.D. 59, 64 (S.D.N.Y. July 28, 2006) .................................................... 21

Basco v. Wal-Mart Stores, Inc., 2004 U.S. Dist. LEXIS 12441 (E.D. La., July 1, 2004) ............ 10

Bishop v. N.Y.C. Dep't of Hous., Pres. And Dev., 141 F.R.D. 229, 235 (S.D.N.Y. 1992) ......... 16

Burley v. City of New York, 2005 U.S. Dist. LEXIS 4439, at *25 (Mar. 25, 2005) ................... 21

DeMarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968).................................................................. 16

Diaz v. Electronics Boutique of America, Inc., 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2006) ......................................................................................................................................... 10

Freeman v. Wal-Mart Stores, Inc., 256 F.Supp.2d 941, 954 (W.D. Ark. 2003)........................... 11

Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990)................................................................................................................................. 19

General Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372 (1982) ........................... 15

Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358 (M.D. Ala. 1999) .............................................. 11

Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983) .......................................................... 11

Hocheberg v. Howlett, 1994 U.S. Dist. LEXIS 132, at *3 (S.D.N.Y. Jan. 10, 1994) ................. 16

Labbate-D'Alauro v. GC Servs., Ltd. Pshp., 168 F.R.D. 451, 456 (E.D.N.Y. 1996)................... 18

Levinson v. Prime Media, Inc., 2003 U.S. Dist. LEXIS 20010, at *1 (S.D.N.Y. Nov. 6, 2003) ... 6

Martin v. New York City Department of Social Services, 117 F.R.D. 64, 71 (S.D.N.Y. 1987).. 21

Mike v. Safeco Ins. Co. of America, 223 F.R.D. 50, 54 (D. Conn. 2004).................................... 20

Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006).................... 5

Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006) ..................... 5

Ray v. Motel 6 Operating, Ltd. Partnership, 1996 U.S. Dist. LEXIS 22565, at *10 (D. Minn. Feb. 16, 1996) ......................................................................................................................................... 10

Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216, 94 S. Ct. 2925, 2930 (1974)..................................................................................................................... 19

Scholtisek v. Eldre Corp., 441 F.Supp.2d 459 (W.D.N.Y., 2005)................................... 10

Thiebes v. Wal-Mart Stores, Inc., 2002 WL 479840 (D. Or. 2002) ............................... 17

Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. Fla. 1994)................................... 11

Velez v. Majik Cleaning Serv., Inc., 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 18, 2005)....... 20

Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 227 (S.D.N.Y. 2003) ............... 19

**Rules**

Benner v. Becton Dickinson and Co., 214 F.R.D. 157, 168 (S.D.N.Y. 2003) ........................... 22

**Fed. R. Civ. P. Rule 23(a)** ......................................................................................... 15

**Fed. R. Civ. P. Rule 23(b)(3)** .................................................................................... 21

Heerwagen v. Clear Channel Communs, 435 F.3d 219, 226 (2d Cir. 2006)................................ 22

1966966-1

## INTRODUCTION

On this motion, named plaintiffs Jhony Santiago Cabrera ("Cabrera") and Francisco Rodas ("Rodas") (collectively "Named Plaintiffs") seek to certify a collective action for the alleged denial of overtime compensation for hours worked in excess of forty (40) hours per week, spread-of-hours compensation for extra hours pay in each day worked over ten (10) hours and for improper deductions from their pay under the Fair Labor Standards Act §§7, 29 U.S.C. §207 ("FLSA") and a class action under New York Labor Law §§ 190, et seq. and §650, et seq. ("NYLL").

Defendants Park It Management Corp. ("Park It"), 211 Garage Corp. ("211 Garage"), 301 Park Corp. ("301 Park"), 221 Thompson Street Park Corp. ("221 Thompson"), Unknown Corporations "A-Z", Fred "Freddy" Spindler a/k/a Fred "Freddy" White ("Spindler"), Roy Shomber a/k/a Roy Bernard ("Shomber") and Mitchell Gerber ("Gerber") (collectively "Defendants") respectfully submit this memorandum of law in opposition to Named Plaintiffs' motion to circulate a Notice of Pendency and Consent to Join to garage attendants employed by Defendants pursuant to 29 U.S.C. §216(b) and for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

As more adequately set forth herein, Named Plaintiffs' motion should be denied for both collective action and class action treatment as they cannot satisfy their burden to sustain either a collective action or a class action. Collective actions under the FLSA are only appropriate when employees are similarly situated. This requirement ensures that a collective action does not denigrate into an unmanageable morass of thousands of mini-trials. In cases where the alleged violations can only be established through highly individualized evidence, the courts will not certify a collective and/or class action.

1966966-1

Named Plaintiffs' seek to certify a class consisting of "all persons employed by defendants as garage attendants who, at any time since February 19, 1999 . . ., were denied overtime pay, in violation of the New York Labor Law §§190 et seq. and 650 et seq." See Plaintiffs' Memo in Support of Class Certification and to Circulate a Notice of Pendency ("Named Plaintiffs' Memo"), at 1. Named Plaintiffs' seek to circulate a notice in the collective action to "any and all garage attendants who worked for Defendants during any period from February 19, 1999 to the present." See Named Plaintiffs' Memo, Exhibit "E."

The most compelling reason to deny both class and collective treatment of Named Plaintiffs in this action is based on the glaring inconsistencies contained in the complaints of both Named Plaintiffs and the facts set forth in their declarations. It is clear that Named Plaintiffs are not "similarly situated" and their claims are not typical of the putative class members. As well, there is reason to question that Named Plaintiffs would adequately represent the putative class or that their claims are common or typical of all putative class members, as more fully discussed below.

The Court should be guided by the Second Circuit's decision in Miles v. Merrill Lynch & Co., Inc., 471 F.3d 24 (2d Cir. 2006), wherein the court increased a plaintiff's burden in seeking class action treatment, as more fully discussed below.

In sum, Named Plaintiffs' requests for class and collective treatment are premature.

In Named Plaintiffs' actions, individual treatment is warranted and their requests for certification must be denied.

**FACTS**

Defendants are entities which own and/or operate twenty (20) to twenty-two (22) separate parking garages throughout New York City. Defendants' parking garages vary in size, number of employees and hours of operation. The average number of employees working a shift at any one of the garages is between one and four.

Cabrera was employed by Defendants as a parking attendant on or about April 3, 1995 through February 28, 2002. See Cabrera's Class Action Complaint and Jury Demand, dated February 18, 2005 ("Cabrera Comp.") annexed hereto as Exhibit "A," at ¶ 10; Declaration of Cabrera, dated October 17, 2007 ("Cabrera Decl.") annexed as part of Exhibit "B" to Plaintiffs' Memo, at ¶ 2. During his employment with Defendants, Cabrera only worked at two of Defendants' garages, namely, 211 Garage and 301 Park. (Cabrera Comp., at ¶ 12) While employed by Defendants, Cabrera admittedly received at least some overtime pay for the weeks he worked hours in excess of forty. (Cabrera Comp., at ¶¶ 16-17) Cabrera claims that while he was employed by Defendants, he did not receive spread-of-hours compensation of extra hours pay in each day worked over ten hours and that he was forced to pay for the repair of damage done to vehicles in Defendants' garages and parking lots while he was employed. (Cabrera Comp., at ¶¶ 18-19) As a result, Cabrera claims that the amounts for the repairs were illegally deducted from his wages and that he was required to pay for a rental car service for any of Defendants' clients' cars that suffered damage in the garage. (Cabrera Comp., at ¶¶ 20-21; Cabrera Decl., at ¶¶ 16-19) Despite his admission that he did receive at least some overtime pay while employed by Defendants in his Complaint, in support of this motion, Cabrera denies that he received overtime pay for hours he worked in excess forty (40) hours per week. (Cabrera Decl., at ¶ 8)

Rodas worked for Defendants as a garage attendant from August 1996 through July 29, 2007. See Rodas Class Action Complaint and Jury Demand, dated August 14, 2007 ("Rodas Comp.") annexed hereto as Exhibit "B", at ¶ 11; Declaration of Rodas, dated October 22, 2007 ("Rodas Decl."), annexed as part of Exhibit "B" to Plaintiffs' Memo, at ¶ 2. In Rodas' complaint, he only identifies one garage he worked at, namely, the Hudson Street Parking Garage ("Hudson Street"). (Rodas Comp., at ¶ 14) Rodas denies receiving any overtime pay for hours he worked in excess of forty (40) hours per week and, similarly to Cabrera, claims that he was forced to pay for the repair of alleged damage done to vehicles, which was taken in the form of deductions from his wages. (Rodas Comp., at ¶¶ 17-21; Rodas Decl., at ¶¶ 8 and 17-19)

Named Plaintiffs allege that Defendants own and/or control anywhere from forty (40) to sixty (60) separate garages throughout the borough of Manhattan; employ anywhere from eighty (80) to one hundred sixty (160) parking attendants at the garages; and employ anywhere from three (3) to six (6) attendants in each garage at any given time. (Cabrera Comp., at ¶¶ 24-25; Rodas Comp., at ¶¶ 25-26) Additionally, both Named Plaintiffs admit that only Hispanic workers were made to pay for the repairs relating to the damages to cars from accidents occurring in the garages. (Cabrera Comp., at ¶ 36; Rodas Comp., at ¶36)

As set forth in the accompanying declaration of Gary Spindler, Defendants only own and/or control twenty (20) to twenty-two (22) garages in Manhattan; employ, on average, approximately one hundred ten (110) employees at any one given time; and employ anywhere from one (1) to five (5) parking attendants in each garage, dependent on the circumstances. Further, to the extent Named Plaintiffs' claim that deductions were only made from Hispanic employees, such was not the case as, at most, only one (1) to two (2) employees would have such deductions made in any given year.

1966966-1

## ARGUMENT
## POINT I
## MEMBERS OF THE PROPOSED CLASS ARE NOT
## "SIMILARLY SITUATED" REQUIRING DENIAL OF NAMED PLAINTIFFS'
## REQUEST TO CIRCULATE A NOTICE OF PENDENCY

The threshold question in deciding whether to conditionally certify a collective action under the FLSA and authorize class notice is whether potential class members are "similarly situated." See Levinson v. Prime Media, Inc., 2003 U.S. Dist. LEXIS 20010, at *1 (S.D.N.Y. Nov. 6, 2003). Neither the FLSA nor its implementing regulations define the terms "similarly situated." Nevertheless, in this Circuit, courts have held that to demonstrate that plaintiffs are similarly situated, they must show factual similarities between the main plaintiffs and potential collective action members sufficient to demonstrate that they "together were victims of a common policy or plan that violated the law." Id.; see also Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 1, 2006).

It is well settled that district courts have the discretion whether to authorize the sending of notice to potential class members who are allegedly similarly situated potential plaintiffs in a collective action brought pursuant to §216(b) of the FLSA. See Prizmic v. Armour, Inc., 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006); Morales v. Plantworks, Inc., 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006). "The threshold issue in deciding whether to authorize class notice in a FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" Prizmic, 2006 U.S. Dist. LEXIS 42627, at *4.

Named Plaintiffs' burden on this motion is not insubstantial. As the court in Prizmic succinctly stated:

> Although the plaintiff's burden at this initial stage is not onerous, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000); see Lee v. ABC Carpet & Home, 236 F.R.D. 193

5

(court's determination "based on pleadings and affidavits"); Masson v. Ecolab, Inc., 2005 U.S. Dist. LEXIS 18022, at *38 (S.D.N.Y. Aug. 18, 2005) (same); 7B Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1807 (3d ed. 2005) ("Conclusory allegations are not **[\*7]** sufficient. . . courts requir[e] that there be some factual support and affidavits showing that the class members are 'similarly situated'"). *A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.* See Flores v. Osaka Health Spa, Inc., 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006), at *8; Morales, 2006 U.S. Dist. LEXIS 4267, at *6. *Absent such a showing, an employer may be "unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense."* D'Anna v. M/A-Com, Inc., 903 F. Supp. 889, 893-94 (D. Md. 1995); see Smith v. Sovereign Bancorp, Inc., 2003 U.S. Dist. LEXIS 21010, at *8 (E.D. Pa. Nov. 13, 2003) (conditional certification based solely on allegations in complaint is "an inefficient and overbroad application of the opt-in system, and at worst it places a substantial and expensive burden on a defendant to provide names and addresses of thousands of employees who would clearly be established as outside the class if the plaintiff were to conduct even minimal class-related discovery").

Prizmic, 2006 U.S. Dist. LEXIS 42627, at *4 (emphasis supplied).

Here, Named Plaintiffs seek to maintain a collective action against all of the garages owned and/or operated by Defendants for garage attendants who were allegedly denied overtime pay, denied spread-of-hours pay and whose wages were improperly deducted due to repairs they had to pay for and/or car services they had to rent for damages done to Defendants' clients' cars at the garages. Named Plaintiffs claim that Defendants own and/or operate any where between forty (40) and sixty (60) garages and, although unclear from the supporting papers, it seems that Named Plaintiffs want to circulate a Notice of Pendency to all employees who worked since February, 1999 to the present at all of the forty (40) to sixty (60) garages. (Cabrera Decl. at ¶ 3; Rodas Decl. at ¶ 3; Declaration of Michael Shen, Esq., dated November 5, 2007 ("Shen Decl."), at ¶ 10; Plaintiffs' Memo, Exhibit "E")

1966966-1

Named Plaintiffs' claim that Defendants had an "explicit and stated policy … not to pay for ***most*** hours worked over 40 hours per week." (Cabrera Decl. at ¶ 9; Rodas Decl. at ¶ 9) However, as set forth in the Named Plaintiffs' Complaints and Declarations, Named Plaintiffs only worked at three (3) of Defendants' garages. (Cabrera Compl., at ¶12; Rodas Compl., at ¶14) There is no other information regarding any alleged policies that existed at any of the other garages owned and/or operated by Defendants except for the three (3) garages at which Named Plaintiffs worked. In fact, in Named Plaintiffs' memorandum of law, Named Plaintiffs' further cloud the issue by stating that it was only "at garages managed by defendant Mangal" that had a policy of denying the garage attendants full and proper overtime pay. (Plaintiffs' Memo, at 6) ***Mangal is not a defendant in this action.*** Nowhere in any of the supporting papers do Named Plaintiffs identify which garages were managed by Mangal.

Further reason to deny collective action at this time is based on the ambiguities contained in Named Plaintiffs' Complaints regarding the claims sought in this action. In both Complaints, Named Plaintiffs allege a cause of action for a violation of the FLSA. (Cabrera Compl., at ¶ 41-43; Rodas Compl., at ¶ 41-43) In each of those causes of action, Named Plaintiffs seek "judgment against Defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, granting declaratory relief finding that the overtime pay practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by Defendants to Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. §207, together with an award of an additional equal amount as liquidated damages, costs, interest and attorneys' fees, as provided for under 29 U.S.C. §216(b)." (Cabrera Compl., at ¶ 43; Rodas Compl., at ¶ 43) As set forth in both Complaints, Named Plaintiffs seek other

damages aside from the unpaid overtime wages, namely, spread-of-hours pay for time worked in excess of ten (10) hours per day and damages relating to alleged deductions from Named Plaintiffs' pay in regards to repairs costs and/or payments for rental car services due to damage to cars in Defendants' garages. (Cabrera Compl., at ¶¶ 18-21; Rodas Compl., at ¶¶ 19-22; Cabrera Decl. at ¶¶ 16-19; Rodas Decl. ¶¶ 16-19)

Therefore, in the collective action, Named Plaintiffs are seeking damages relating to unpaid overtime, spread-of-wages and damages relating to deductions employees had to pay in relation to repairs for cars and/or payments for rental cars. However, as admitted by both Named Plaintiffs, not all putative members of the collective action suffered the same damages as those allegedly suffered by Named Plaintiffs. Named Plaintiffs admit that at least one white employee, Rick Strange, received overtime pay. (Cabrera Compl., at ¶ 34; Rodas Compl., at ¶ 34) Named Plaintiffs do not identify which of the garages Mr. Strange worked at or the shift that he worked on. This fact is important because in the event Mr. Strange worked at the same garage and on the same shift as either of Named Plaintiffs, this would not constitute evidence to warrant a collective action since those facts would be limited to that location only.

Additionally, Named Plaintiffs state that "[o]nly Hispanic workers were made to pay for such repairs," referring to the repairs relating to the accidents and/or rental car payments made by garage attendants. (Cabrera Compl., at ¶ 36; Rodas Compl., at ¶ 36) Named Plaintiffs do not seek to limit this collective action to Hispanic workers.

Furthermore, there is little evidence showing that the putative class members would be "similarly situated" based on the language contained in the Complaints and Declarations submitted by Named Plaintiffs. First and foremost, in his Complaint, Cabrera admits to receiving at least five (5) hours of overtime per week from October 6, 2000 to July 2, 2001 and

ten (10) hours of overtime per week from July 2, 2001 to February 1, 2002.  (Cabrera Compl., at ¶¶ 16-17)  In Rodas' Complaint, the claim that a collective action is warranted in this case is made suspicious based on the language contained in the allegations of his Complaint.   For example, Rodas alleges that he worked approximately thirty (30) hours of overtime per week but was not paid for "most" of the overtime at the statutory overtime rate.  (Rodas Compl., at ¶17) In addition, in both Named Plaintiffs' Declarations, statements are made such as: "I and other garage attendants work for over 40 (forty) hours per week, every week, but were not paid at the weekly required overtime rate ***most*** of the overtime hours we worked" (Cabrera Decl. at ¶ 7; Rodas Decl. at ¶ 7) (emphasis supplied); "I and other garage attendants were ***often*** simply denied any pay for hours they we (sic) worked greater than 40 (forty) in a week" (Cabrera Decl., at ¶ 8; Rodas Decl., at ¶ 8) (emphasis supplied); "it was the explicit and stated policy of Defendants not to pay for ***most*** hours worked over 40 (forty) per week" (Cabrera Decl., at ¶ 9; Rodas Decl., at ¶ 9) (emphasis supplied); "***Sometimes***, I and other garage attendants were paid at the straight time rate for a portion of the overtime hours worked" (Cabrera Decl., at ¶ 10; Rodas Decl., at ¶ 10) (emphasis supplied); "***Sometimes***, I and other garage attendants were paid at the proper overtime rate paid for ***some***, but not all, of the overtime hours worked" (Cabrera Decl., at ¶ 11; Rodas Decl., at ¶ 11) (emphasis supplied).   Named Plaintiffs use of these adjectives and adverbs evidence that their claims for collective treatment at this point are scant at best.

In Ray v. Motel 6 Operating, Ltd. Partnership, 1996 U.S. Dist. LEXIS 22565, at *10 (D. Minn. Feb. 16, 1996), the court refused to certify the case a collective action because the level of overtime for each employee varied for each prospective plaintiff, and therefore, there existed a "lack of commonality for damages."   Named Plaintiffs have also not shown that the policy existed beyond their own circumstances.   Courts will deem collective action notice to be

inappropriate where individualized factual assessments will be required.  See Diaz v. Electronics Boutique of America, Inc., 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 13, 2005) Scholtisek v. Eldre Corp., 441 F.Supp.2d 459 (W.D.N.Y., 2005); Basco v. Wal-Mart Stores, Inc., 2004 U.S. Dist. LEXIS 12441 (E.D. La., July 1, 2004).

Where cases require an individualized, fact specific analysis, courts will commonly limit a collective action, if it deems one appropriate, to individuals working at the same facility as the main plaintiff.  See, e.g., Haynes v. Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983); Tucker v. Labor Leasing, Inc., 155 F.R.D. 687 (M.D. Fla. 1994); Harper v. Lovett's Buffet, Inc., 185 F.R.D. 358 (M.D. Ala. 1999).  Here, Named Plaintiffs worked at only three (3) of the forty (40) to sixty (60) garages they claim to be at issue, and, therefore, if this Court is inclined to certify this case as a collective action, ***the scope of the action should be limited to the parking attendants who worked only at the garages where Named Plaintiffs worked***.

Based on the foregoing, the collective action as proposed by Named Plaintiffs should not be certified and Named Plaintiffs should not be permitted to send the proposed notices to prospective plaintiffs.  The following statement in Freeman v. Wal-Mart Stores, Inc., 256 F.Supp.2d 941, 954 (W.D. Ark. 2003) is equally applicable here: "it would be a waste of the court's and the litigant's time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated."

Here, Named Plaintiffs have not submitted sufficient evidence to demonstrate that they and other potential plaintiffs were victims of a common policy or plan that violated the law, and, as such, have not satisfied their requirements on this motion.

"Where the named plaintiff is unable to state clearly and specifically to whom it is that he contends that he is similarly situated, it is not possible for the court to conclude that a collective action certification is warranted."  <u>See</u> <u>Prizmic</u>, 2006 U.S. Dist. LEXIS 42627, at *9 (quoting <u>Flores</u>, 2006 U.S. Dist. LEXIS 11378, at *7).

Based on the foregoing, unless and until more information is provided in support of Named Plaintiffs' motion, it is respectfully requested that such motion be denied as Named Plaintiffs have not met their burden showing that the persons who would be notified in this collective action are "similarly situated."

11

**POINT II**
**MILES v. MERRILL LYNCH & CO., INC.  REQUIRES DENIAL OF A CLASS ACTION**

As set forth above, Plaintiffs are seeking to certify a class that consists of "all persons employed by Defendants as garage attendants who, at any time since February 19, 1999 ("class"), were denied overtime pay, in violation of the New York Labor Law §§190 et seq. and 650 et seq."  (Named Plaintiff's Memo at 1)  In addition to the reasons set forth above showing why Named Plaintiffs are not "similarly situated," as more adequately discussed below, a class action is not appropriate in this case.

The standard for assessing class action treatment was set forth in Miles v. Merrill Lynch & Co., Inc., *supra*, wherein the Second Circuit made the following conclusions:

(1)   a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met;

(2)   such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and applicable legal standard, that the requirement is met;

(3)   the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement;

(4)   in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement; and

(5)   a district judge has ample discretion to circumscribe both the extent of discovery concerning Rule 23 requirements and the extent of a hearing to determine whether such requirements are met in order to assure that a class certification motion does not become a pretext for a partial trial of the merits.

Miles, 471 F.3d at 41.

1966966-1

In Iglesias-Mendoza v. La Belle Farm, Inc., 2006 WL 3634567 (S.D.N.Y. Dec. 7, 2006), the Court denied the plaintiffs' motion for class certification, based on the decision set forth in Miles, as premature. The Court found that there were issues that needed to be resolved before it could certify a class and stated that it did not "wish to resolve that issue without the benefit of a dispositive motion addressed to the claims of the putative class representatives." Id. at *1.

Similarly, in Myers v. The Hertz Corporation, 2007 U.S. Dist. LEXIS 53572 (E.D.N.Y. July 24, 2007), the court denied the plaintiffs' motion for class certification finding that the plaintiffs did not meet the commonality and typicality requirements of Rule 23(a). Id. at *11-18. Specifically, the court noted that the individual plaintiffs were all employed at the same location of the defendant and performed the same work, which, in turn, would have resulted in the proof of their claims generally overlapping and being limited. Id. at *15. However, the putative class would be widely disbursed throughout the State of New York at some sixty locations. Id. Thus, "[a]though the legal claims alleged and the sole defense to them is the same throughout the class, proof of liability will require individual factual analysis." Myers, 2007 U.S. Dist. LEXIS 53572, at *18.

Additionally, in Myers, the court stated that the plaintiffs failed to show that a class action was superior to other methods to adjudicate the controversy. Id. at *20. "Because predominance is a similar, but more demanding test in commonality, plaintiffs fail to satisfy it for the same reasons they fail to satisfy commonality." Id. at *20.

Lastly, the court in Myers noted that the putative class members who sued under the New York Labor Law who wished to pursue a class action must sacrifice their entitlement to liquidated damages as compared to those who sued individually, since liquidated damages are

1966966-1

not available to class plaintiffs alleging a violation of the New York State Labor Law. Id. at *20-21.

As more fully addressed herein, the precedents set forth in the above-cited cases require a denial of Names Plaintiffs' motion at this time.

**A.    Named Plaintiffs Cannot Sustain Their Burden Under Fed. R Civ. P. Rule 23(a)**

A class action is different from an FLSA collective action. A class action requires four threshold requirements under Fed. R. Civ. P. Rule 23(a): (1) numerosity – the class is so large that joinder of all members is impracticable; (2) commonality – questions of law or fact are common to the class; (3) typicality – named parties claims or defenses are typical of the class; and (4) adequacy of representation – representatives will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613, 117 S. Ct. 2231, 2245 (1997). The Court must find that the plaintiff has met his burden by establishing each requirement under Rule 23(a) and engage in a "rigorous analysis" before granting class certification. See General Tel. Co. v. Falcon, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372 (1982).

The Standard for certifying a class has become more stringent in light of the Second Circuit's holding in Miles v. Merrill Lynch, supra. Thus, a district court must now "make any disputed factual calls that are relevant to certification, and must make merits determinations to the extent they relate to Rule 23 requirements." Vengarlekar v. HSBC Bank, 2007 WL 1498326 at *3 (S.D.N.Y. May 22, 2007).

**1.    Numerosity**

While the precise number of class members does not need to be proven with definite certainty, the Court cannot find numerosity that is based on "pure speculation without any factual

1966966-1

support." Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus., 172 F. Supp.2d 389, 394 (S.D.N.Y. 2001). "In determining whether a putative class is no numerous as to make joinder impracticable, 'courts should not be so rigid as to depend on mere number', but should look to 'all circumstances surrounding a case.'" Hocheberg v. Howlett, 1994 U.S. Dist. LEXIS 132, at *3 (S.D.N.Y. Jan. 10, 1994) (quoting DeMarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968)). In determining whether joinder is practicable, the courts consider various factors including, "the inconvenience of trying individual suits, the nature of the action, the size of the individual claims, and the location of the class members." Bishop v. N.Y.C. Dep't of Hous., Pres. And Dev., 141 F.R.D. 229, 235 (S.D.N.Y. 1992). In Hocheberg, this Court noted that class certification should be denied "when the members are relatively few, readily identifiable and reside in the same geographic area." Id. at *3-4.

Should the Court find that the numerosity is fulfilled on the numbers alone, class certification should still be denied for pragmatic reasons. In Thiebes v. Wal-Mart Stores, Inc., 2002 WL 479840 (D. Or. 2002), the court declined to certify a class until finding out how many members opted in to the FLSA collective action. In Thiebes, the plaintiffs argued that the court should use the fifteen thousand (15,000) potential individuals who were allegedly members of the class, namely Wal-Mart employees. However, the court focused on a number of individuals who decided to opt into the collective action, four hundred twenty five (425), and, based on that number, declined to certify the class. The court focused on the percentage of individuals who opted in based on the potential size of the putative class, 2.7%. Based on that finding, the court found that joinder was not impracticable, nor was the class action the superior method for resolving the state law claims. Id. at *2-4.

This Court should follow that line of reasoning should it grant Named Plaintiffs' motion for a collective action. At this stage, it is too early to determine if the class would satisfy the numerosity requirement of Rule 23(a). Thus, joinder may be practicable based on the circumstances of this case and the Court should take into consideration the factors under <u>Hocheberg</u> and <u>Thiebes</u>.

Here, to support Named Plaintiff's numerosity requirement, they have provided a declaration from a legal assistant who works for Named Plaintiffs' counsel. Northing is stated in the declaration setting forth her qualifications to make the determination as to the numerosity requirement under Fed. R. Civ. P. 23(a). Thus, it is mere speculation at this point as to the amount of people who would be members of the class.

Furthermore, Named Plaintiffs have failed to delineate the fact the number of sub-classes may make a class action unmanageable. These sub-classes would include, but are not limited to: employees who received no overtime but received spread-of-hours pay; employees who did not receive overtime but were required to pay for repairs and/or rental car services; members who received no overtime pay. These sub-classes may need to be further divided by race, ethnicity and/or nationality based upon Named Plaintiffs' allegations that only Hispanic employees had deductions made from their pay relating to car damage in Defendants' garages.

Thus, at this time, based on the in stringent standards set forth in <u>Miles</u>, the numerosity requirement is not satisfied and a class action should not be certified.

**2.    <u>Commonality</u>**

In order to satisfy the commonality requirement under 23(a), plaintiffs must show that there are common issues of law or fact that affect all putative class members. "The critical

1966966-1

inquiry is whether the common questions are at the 'core' of the cause of action alleged." Labbate-D'Alauro v. GC Servs., Ltd. Pshp., 168 F.R.D. 451, 456 (E.D.N.Y. 1996).

Named Plaintiffs cannot sustain their burden to prove commonality as individual issues predominate in this case. Here, a fact-intensive inquiry must be made as to each putative class members' alleged overtime hours worked. Thus, if any class member can actually show he or she worked overtime, a computation based on the overtime hours worked would have to be made for each putative class member. Moreover, there would need to be inquiries made into each of the garages named in the complaint and whether any employees worked overtime at those garages. Further, and of most importance, it must be emphasized that many of Defendants' employees did work overtime and were paid accordingly.

Based on the foregoing, there is no finding of commonality as individual inquiries would predominate over any common questions of law or fact in this case.

### 3.    **Typicality**

Typicality is met when the named plaintiff's claims and each class members claims "arise from the same course of events and each class member's makes similar legal arguments to prove defendant's liability." Vengurlekar v. Silverline Technologies, Ltd., 220 F.R.D. 222, 227 (S.D.N.Y. 2003). "[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 903 F.2d 176, 180 (2d Cir. 1990)).

Named Plaintiffs cannot show that their claims are typical of any of the putative class members. Named Plaintiffs only worked at three (3) of Defendants' garages.

Therefore, plaintiffs cannot establish the typicality requirement under Rule 23(a).

1966966-1

4.    __Adequacy of Representation__

Adequacy of representation requires that the class representative "possess the same interest and suffer the same injury" as the putative class members.  Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216, 94 S. Ct. 2925, 2930 (1974).  Adequacy of representation often overlaps with the typicality and commonality requirements.  See Bishop, 141 F.R.D. at 240.

Here, the same reasons that Named Plaintiffs cannot establish typicality or commonality are the reasons that they will not be able to be adequate class representatives.

As discussed above, a fact specific determination of each individual's daily tasks and overtime would have to be inquired into in this case.  See Mike v. Safeco Ins. Co. of America, 223 F.R.D. 50, 54 (D. Conn. 2004).  It was and is Defendants' policy to pay its employees overtime.  Employees who work(ed) in excess of forty (40) hours at a garage were paid at the overtime rate of one and one-half times the regular rate.  The fact of the matter is that Named Plaintiffs' claims for denial of overtime are based on their experiences at specific garages, which in no way should infer that all the Defendants' garages operated in the same manner.  See Diaz, 2005 U.S. Dist LEXIS 30382, at *16-17.  The situations presented by Named Plaintiffs are unique to them and insufficient for class certification.

In the context of this action, Named Plaintiffs have not shown that they are of sufficient character to represent a class in this matter.  See Velez v. Majik Cleaning Serv., Inc., 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 18, 2005).  In connection with this analysis, the courts will look at the personal characteristics of the plaintiff as they touch upon the lawsuit.  See Jane B. v. New York City Department of Social Services, 117 F.R.D. 64, 71 (S.D.N.Y. 1987).  As the court in Jane B. observed, "the inquiry…into the representative's personal qualities…is an inquiry

directed at improper or questionable conduct arising out of or touching upon the very prosecution of the lawsuit."

**5.    Ascertainability**

A fifth implied requirement within Rule 23 is that the class be "precise, objective and presently ascertainable.    Thus, a proposed class must be clearly defined so that it is administratively feasible for our court to determine whether a particular individual is a member." Bakalar v. Vavra, 237 F.R.D. 59, 64 (S.D.N.Y. 2006) (*quoting* Burley v. City of New York, 2005 U.S. Dist. LEXIS 439, at *25 (Mar. 25, 2005)).  "Class membership must be readily identifiable such that a court can determine who is the class and bound by its rulings without engaging in numerous fact-intensive inquiries."  Id.

At bar, there is no ascertainable class.  Numerous fact-intensive inquiries must be made to determine who, if anyone, may be able to join the putative class.  As such, Named Plaintiffs cannot sustain their burden of proving ascertainability in this action.

**B.    Named Plaintiffs Cannot Sustain Their Burden Under Fed. R. Civ. P. Rule 23(b)(3)**

Named Plaintiffs seek to have this class certified under Rule 23(b)(3), which looks at whether a putative class is "sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc., 521 U.S. at 623, 117 S. Ct. at 2249.  To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individuals members'; and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy.'"  Id. at 615, 117 S. Ct. at 2246-47 (quoting Fed R. Civ. P. 23(b)(3)).  To meet the predominance requirement, "a plaintiff must show that those issues in the proposed action that are subject to generalized proof outweigh those issues that are subject to individualized

proof." Heerwagen v. Clear Channel Communs, 435 F.3d 219, 226 (2d Cir. 2006). Plaintiff's burden of proof on predominance is much more demanding than that of proving commonality under 23(a) and "thus, the Court must deny certification where individual issues of fact [r] abound." Benner v. Becton Dickinson & Co., 214 F.R.D. 157, 168 (S.D.N.Y. 2003). More specifically, a court must closely evaluate certain factors including, in pertinent part: (a) the interest of members of the class in individually controlling the prosecution or defense of separate action;…and (d) the difficulties likely to be encounter in the management of a class action. Fed R. Civ. P. 23(b)(3). Individual interests, such as the ability to control their own litigations and carrying them on as they see fit, may be so strong as to require a denial of a class action. See Adv. Comm. Notes.

As discussed above, individualized proof outweighs generalized proof in this case. As a result, Named Plaintiffs do not meet the requirements under 23(b)(3) in this case and the class action should be denied as it individual issues predominate and it is not the superior method for adjudicating this controversy.

As individualized inquiries would be central to this case, the class action would be extremely difficult to manage. Defendants pay all of its employees who work overtime their appropriate pay. To have a class action, Named Plaintiffs must show that their situations extended beyond their own circumstances. This would require inquiry into every one of Defendants' employees, more specifically into each employee of every one of Defendants' garages. If it is found that any other employee allegedly was susceptible to the same circumstances as Named Plaintiffs, an inquiry would need to be made as to the amount of overtime that employee worked. For these reasons, a multitude of problems are likely to arise should this Court grant certification.

20

## CONCLUSION

Based on the foregoing, Named Plaintiffs' motion to certify a collective action and/or to proceed with this action as a class action should be denied and Defendants should be granted such other and further relief as the Court deems just and proper.

Dated:      East Meadow, New York
            February 29, 2008

                    CERTILMAN BALIN ADLER & HYMAN, LLP


                    By: _____
                            Douglas E. Rowe, Esq. (DER 6261)
                            Attorneys for Defendants
                            90 Merrick Avenue
                            East Meadow, NY 11554
                            (516) 296-7000

1966966-1