UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JHONY SANTIAGO CABRERA, Individually and on behalf of all others similarly situated,

                      Plaintiffs,           MEMORANDUM DECISION
-against-                                         AND ORDER

211 GARAGE CORP., et al.,                  05 CV 2272 (GBD)
                      Defendants;           07 CV 7313 (GBD)

-and-

FRANCISCO RODAS, Individually and on behalf of others similarly situated,

                      Plaintiffs,

PARK IT MANAGEMENT CORP, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

      Plaintiffs Jhony Santiago Cabrera and Francisco Rodas filed separate actions against their former employer, the corporate and individual owners of various parking garages located throughout Manhattan.[1] Plaintiffs allege that defendants failed to pay their employees required overtime wages and spread-of-hours pay; and that defendants made improper deductions from their wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, and New York

---

[1] The Cabrera complaint was filed on February 18, 2005. Francisco Rodas filed a nearly identical complaint with this Court on August 15, 2007. On stipulation of the parties, this Court ordered on November 5, 2007, that the matters be consolidated into one suit.

State Labor Laws.² By the instant motion, plaintiffs moved for preliminary collective action certification and seek permission to circulate to other former and current employees of defendants' parking garages, a Notice of Pendency and Consent to Join similarly situated persons, pursuant to Section 216 (b) of the FLSA. Plaintiffs further seek to certify a class for their state law claims pursuant to Rule 23(b) of the Federal Rules of Civil Procedure. Plaintiffs' application, pursuant to Section 216(b), to circulate notice of their FLSA claims is granted. Plaintiffs' motion, pursuant to Rule 23(b), for class certification of their state law claims is denied without prejudice to renew.

## COLLECTIVE ACTION CERTIFICATION - FLSA § 216(b)

Plaintiffs seek collective action certification and petition this Court for permission to circulate to defendants' past and present employees, a Notice of Pendency and Consent to Join. Specifically, plaintiffs seek to give notice to every person who has been employed by defendants as garage attendants since February 19, 2002, three years prior to the initial filing of suit.

Section 216(b) of the FLSA allows employees to bring an action in federal or state court for violation of the overtime wage provisions of the FLSA on behalf of themselves and any other employees "similarly situated." 29 U.S.C. § 216(b). However, in FLSA actions, no employee may become a party plaintiff unless said employee gives "consent in writing to become such a party and such consent is filed in the court in which such action is brought. Id.

This Court may order that notice be given to other potential class members in accordance with the "opt-in" requirement of Section 216(b). See e.g. Masson v. Ecolab, Inc., No. 04 Civ.

---

²Plaintiffs have also raised various federal and state discrimination claims. Plaintiffs do not seek class treatment on any of these claims.

4488 (MBM), 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005) (quoting Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335 (2d Cir. 1978).  When deciding whether such notice is proper, this Court must determine whether the proposed class members are "similarly situated."  Id.  If the Court determines that the potential members are similarly situated, the Court will conditionally certify the class.  Notice and the opportunity to opt-in are then given to potential class members, and the case may proceed through discovery as a representative action.  Id.

Plaintiffs' burden of showing other potential class members are "similarly situated" is not onerous at this stage of the litigation.  See Masson, 2005 WL 2000133, at *14; see also Jackson v. N.Y. Tel. Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) ("The inquiry at the inception of the lawsuit is less stringent than the ultimate determination that the class is properly constituted.").  Rather, plaintiffs need only make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997) (citing Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y.1995)).

In this case, plaintiffs have met their modest factual burden.  Plaintiffs allege that defendants maintained a policy of not paying required overtime wages to their garage attendant employees at various garages throughout the borough of Manhattan.  Plaintiffs have submitted sworn affidavits that defendants failed to pay them and other garage attendants the proper overtime premium rate and the proper spread-of-hours premium, in violation of the FLSA. (Declaration of Michael Shen, Ex. B, Cabrera Decl. 7-12; Rodas Decl. 7-12).  Plaintiffs base their own statements on personal knowledge and conversation with other garage employees.  (Cabrera

Decl. 10-11, Rodas Decl. 14-15).[3]  Preliminary collective action certification, and permission to circulate a Notice of Pendency and Consent to Join, is therefore appropriate.

### CLASS CERTIFICATION - FRCP §§ 23 (a) & (b)(3)

Plaintiffs also move for class certification of their state law claims.  That motion is denied without prejudice to renew at a later stage of the proceedings.  Certification of a class is only appropriate if "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Plaintiffs' claim must also fit within one of the three categories enumerated in Rule 23(b).[4]  Fed. R. Civ. P. 23(b); Heerwagen v. Clear Channel Communications, 435 F.2d 219, 225 (2d Cir. 2006).  Rule 23 also

---

[3] Defendants argue that plaintiffs' pleadings do not sufficiently allege that class members would be similarly situated because plaintiffs do not allege the exact amount of overtime they claim is owed to them or other potential class members.  Plaintiffs have alleged that they and other garage attendants worked overtime hours, but were "often" not compensated at the correct rate for "most" of those hours.  It is defendants, not plaintiffs, who bear the burden of keeping employee wage records.  Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002).  At this stage of litigation, defendants have produced no evidence to contradict plaintiffs' overtime claims.

[4] The Rule 23(b) categories "encompass class actions where: (1) prosecution of separate actions by individual parties either would create a risk of inconsistent adjudications or would be dispositive of the interests of those members not parties to the adjudication; (2) defendants have acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to members of the class predominate, and a class action is superior to other available methods for adjudication."  Velez v. Novartis Pharms. Corp., 244 F.R.D. 243, 256 (S.D.N.Y.2007) (citing Fed. R. Civ. P. 23(b)).

"contains an implicit requirement that the proposed class be precise, objective and presently ascertainable." Bakalar v. Vavra, 237 F.R.D. 59, 64 (S.D.N.Y. 2006) (citations omitted).

The requirements for Rule 23 class certification are far more stringent than those for conditional collective action certification under § 216(b). In re IPO Sec. Litig., 471 F.3d 24, 40 (2d Cir. 2006). It is well-established in this Circuit that plaintiffs seeking class certification must go beyond the allegations embodied in the pleadings and provide the Court with specific facts justifying certification. See e.g., Petrolito v. Arrow Fin. Servs., LLC, 221 F.R.D. 303, 307 (D.Conn. 2004); Feinstein v. Firestone Tire & Rubber Co., 535 F.Supp. 595, 601 (S.D.N.Y. 1982).

At this stage of the litigation, plaintiffs' motion is premature. Plaintiffs seek to certify a class comprised of the total number of employees who worked for defendants and were not paid proper wages within a certain specified period of time. However, there are insufficient facts before this Court to support plaintiffs' allegations and averments that an identifiable class of employees at defendants' garages were not paid proper overtime wages. Nor can plaintiffs articulate how many employees were affected by defendants' alleged failure to pay adequate overtime wages. Plaintiffs do not meet the requirements of Rule 23(b) class certification.

This Court will defer consideration of Rule 23(b) class certification until after plaintiffs have had the opportunity to give notice in, and determine the size and character of, their opt-in FLSA collective action. This Court will then be better equipped to determine whether plaintiffs' proposed class meets Rule 23's more exacting standards, and whether it may be appropriately certified.

## CONCLUSION

Plaintiffs' motion for preliminary collective action certification, and to circulate a Notice of Pendency and Consent to Join, is GRANTED. Plaintiffs' motion for class certification is DENIED without prejudice to renew.

Dated: August 22, 2008
New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge